380 A.2d 1221

**Allison GREER, Appellant,**

v.

**UNITED STATES STEEL CORPORATION.**

Supreme Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided Dec. 23, 1977.

William R. Caroselli, McArdle, Henderson, Caroselli, Spagnolli & Beachler, Pittsburgh, for appellant.

Blair S. McMillin, Reed, Smith, Shaw & McClay, Thomas R. Wright, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

The Superior Court, Spaeth, J. dissenting, 237 Pa.Super. 597, 352 A.2d 450, granted judgment on the pleadings to the employer in this test case [1] in which common law recovery was sought by an employee for a disease, pulmonary fibrosis, allegedly contracted in the course of employment due to the negligence of the employer.[2] The employer's answer to the complaint admitted ownership, possession and control but in new matter made the three points that the court did not have jurisdiction, that no cause of action in trespass was stated and that the employee's exclusive remedy was under the Pennsylvania Occupational Disease Act,[3] herein referred to as the "Act." The employee's answer to the new matter denied the three points.

The trial court denied the employer's motion for judgment on the pleadings. As the result of an interlocutory appeal, the Superior Court concluded that recovery for any disease within the purview of the Act barred any common law recovery. Although the court referred to the compensation proceedings as the "initial forum for work-related diseases," it actually granted a final judgment in favor of the employer.

1. Counsel have indicated that more than ten cases are awaiting disposition of this case.

2. Concurrently with the filing of the common law action the employee filed a claim petition for workmen's compensation.

3. Act of June 21, 1939, P.L. 566, No. 284, § 101 et seq., as amended, 77 P.S. § 1201 et seq.

■ The initial undisputed premise is that common law recovery is barred if recovery can be had under the Act. Section 302 of the Act[4] provides for the presumption of acceptance of the Act and the following section provides:[5]

"Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease, or to any method of determination thereof, other than as provided in article three of this act."

The converse of the initial premise would seem to follow, i. e., recovery at common law would not be barred if recovery could not be had under the Compensation Act. It was pointed out in *Billo v. Allegheny Steel Co.,* 328 Pa. 97, 106, 195 A. 110, 115 (1937):

"It would be a perversion of the humane purpose of the act to hold that in respect to occupational diseases arising from the negligence of the employer, an employee was by the act deprived of a valuable legal right which had theretofore been his. No court will give the act such an interpretation unless required so to do by the act's explicit language."

It was well accepted in Pennsylvania that a common law cause of action could be asserted for negligence of the employer for injuries to an employee resulting from failure to properly maintain the work place. *Fritz v. Elk Tanning Co.,* 258 Pa. 180, 101 A. 958 (1917). The rule was true before compensation could be had for diseases, *Plazak v. Allegheny Steel Co.,* 324 Pa. 422, 188 A. 130 (1936); *Rebel v. Standard Sanitary Mfg. Co.,* 340 Pa. 313, 16 A.2d 534 (1940), and was true, as to diseases not covered by the Act after its adoption. *Perez v. Blumenthal Bros. Choc. Co.,* 428 Pa. 225, 237 A.2d 227 (1968). It has even been pointed out that an attempt to bar recovery where no compensation recovery can be had

4.  77 P.S. § 1402.

5.  77 P.S. § 1403.

might well violate Article I, Section 11, of the Constitution.[6] Other jurisdictions have taken the same view as *Perez, supra,* holding that there can be recovery for a disease which is not a disease for which compensation recovery can be had. *Davis v. Bath Iron Works Corp.,* 338 A.2d 146 (Me.1975); *Niles v. Marine Colloids, Inc.,* 249 A.2d 277 (Me.1969). *See Summers v. Western Idaho Potato Processing Co.,* 94 Idaho 1, 479 P.2d 292 (1971).

Counsel for the employer urges that a common law action should be barred for any disease which is "within the purview of the Act." This indefinite test is not appropriate in view of the specific definition of "occupational disease" in the Act,[7] which begins: "The term 'occupational disease,' as used in this act, shall mean only the following diseases . . . ." Then comes subdivisions (a) to (m) listing thirteen specific diseases, followed by:

"(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population. . ." [8]

Since the disease involved in this case is not specifically listed it can be encompassed by subdivision (n) only under the conditions stated. If those conditions do not exist, then it is not an occupational disease within the meaning of the Act.

6. "To read the Act as to deny plaintiff his existing common law remedy without permitting him to come within the protective coverage of the Workmen's Compensation Act might well violate the mandate of Article I, Section 11 of the Constitution of Pennsylvania . . . ." *Dolan v. Linton's Lunch,* 397 Pa. 114, 123, 152 A.2d 887, 892 (1959).

7. Section 108, *as amended,* 77 P.S. § 1208.

8. Subsequent to the events in this case, subsection (n) has been changed to read as follows:
"(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. . . ."

The conditions stated in subdivision (n) are not applicable to the specified diseases in other subsections. *Morrison v. Allied Chemical Corp.,* 444 Pa. 170, 283 A.2d 75 (1971). Interpretations by this Court have construed the conditions of subdivision (n) as originally written, so that an unspecified disease is within the Act if it is "peculiar to the claimant's occupation by its causes and the characteristics of its manifestation." *Cuevas v. Platers & Coaters, Inc.,* 464 Pa. 35, 346 A.2d 6 (1975); *Williams v. Spaulding Bakeries, Inc.,* 464 Pa. 29, 346 A.2d 3 (1975); *Dunn v. Merck & Co.,* 463 Pa. 441, 345 A.2d 601 (1975); *Utter v. Asten-Hill Mfg. Co.,* 453 Pa. 401, 309 A.2d 583 (1973). If the facts warrant a finding that the conditions have been met, the common law action does not exist. Conversely, if the facts do not warrant such a finding, the common law cause of action can be asserted.

In the pleadings we have no assertions by either side as to whether the existence of those conditions can or cannot be demonstrated nor have we had any argument by counsel as to who has the burden of proof on the issue. In any event, the uncertainty of this factual question makes it inappropriate for the grant of a judgment on the pleadings.

Counsel for the appellee in his brief at oral argument concluded that there should be an affirmance or, in the alternative, that the case be remanded with instructions for a stay of proceedings pending the compensation determination. The majority opinion of the Superior Court, 237 Pa. Super. 597, 352 A.2d 450, did refer to the compensation proceedings as the "initial forum for all work-related injuries or diseases" but in fact it did not call for a remand for that purpose and instead gave judgment to the employer. It may well be appropriate for the court below to grant a stay pending administrative action in accordance with the doctrine of primary jurisdiction. See the extended discussion of the doctrine in *Weston v. Reading Co.,* 445 Pa. 182, 198, 282 A.2d 714, 722 (1971).

The judgment of the Superior Court is reversed and the case is remanded to the court below for further proceedings in accordance with this opinion.