469 A.2d 158

**William B. KLINE and Renee Kline, Appellants,**

v.

**ARDEN H. VERNER COMPANY, Arden H. Verner, Arden H. Verner Company, Inc. and Arden H. Verner t/a Painters, Inc. and t/a Painters Inc., Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 13, 1983.

Decided Dec. 30, 1983.

Thomas A. Kovalchick, Arnold, for appellants.

Meyer, Darragh, Buckler, Bebenek & Eck, Fred C. Trenor, Louis C. Long, Pittsburgh, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

■ Appellant, a painter, was injured in the course of his employment. He fell from a ladder suffering pelvic injuries that rendered him impotent. He applied for and received Workmen's Compensation benefits for the month he was disabled. Denied benefits by the Workmen's Compensation Board for the resulting impotency, he filed suit against his employer, alleging negligent conduct by a fellow employee as the cause of the injury. The trial court granted summary judgment and upon appeal to the Superior Court, 307 Pa.Super. 573, 453 A.2d 1035, was unanimously affirmed. We agree.

The Workmen's Compensation Act[1] provides the exclusive means by which a covered employee can recover against an employer for injury in the course of his employment. Appellant contended he is entitled to maintain an action against his employer because his injury is not covered by workmen's compensation. He argued that the exclusivity provision of the Workmen's Compensation Act, 77 P.S. § 481(a) offends Article I, Section 11 of the Pennsylvania Constitution guaranteeing that all should have access to the courts to remedy wrongs.

[1]. Act of June 2, 1915, P.L. 736, art. 1 § 101 *et seq.,* 77 P.S. § 1 *et seq.,* as amended.

In *Scott v. C.E. Powell Coal Co.*, 402 Pa. 73, 166 A.2d 31 (1960) we held that the exclusivity clause denied recovery against an employer for injury resulting in loss of taste and smell. In *Hartwell v. Allied Chemical Corp.*, 457 F.2d 1335 (3rd Cir.1972), the Third Circuit, applying Pennsylvania law, held that disfigurement, not covered by workmen's compensation, provided no remedy against an employer. Consistent with a plain reading of the Act, its intent and purpose, we have held that workmen's compensation is the exclusive remedy for job related injuries.

While we have not hitherto addressed the constitutionality of the exclusivity clause, we have touched the perimeter with cases so analogous as to leave little room for question.

In *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), when appellant argued that the No Fault Act [2] deprived him of his right of access to the courts, we held that "Nothing in Article I, Section 11 prevents the legislature from extinguishing a cause of action." 464 Pa. at 400, 346 A.2d at 903. In *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978), we held that delaying access to trial by jury by arbitration was constitutional because the power of the legislature to abolish a cause of action certainly included the power to create a preliminary administrative remedy. In *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978), we cited *Singer, supra,* for the proposition that no one "has a vested right in the continued existence of an immutable body of negligence law.... The practical result of a contrary conclusion would be the stagnation of the law in the face of changing societal conditions." *Singer v. Sheppard, supra,* 464 Pa. at 399, 346 A.3d at 903.

In *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980) we addressed a similar provision of the Workmen's Compensation Act, immunizing employers from indemnity or contribution actions by third parties. We said that the "purpose of this kind of legislation was to restrict

2. Act of July 19, 1974, P.L. 489, No. 176, Art. 1 § 101 *et seq.* 40 P.S. § 1009.101 *et seq.*

the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence." 488 Pa. at 519, 412 A.2d at 1097.

To change, alter or abolish a remedy lies within the wisdom and power of the legislature and in some instances, the courts. Access to a tribunal is not denied when the tribunal has no jurisdiction to entertain either the claim or the remedy. Time and circumstances require new remedies to adjust to new and unforeseen losses and conditions. To do so, facets of the society often require new immunities or larger responsibility, as the legislature may determine. The workmen's compensation law has deprived some of rights in exchange for surer benefits, immunized some, to make possible resources to benefit many, who where heretofore without possible or practical remedies.

Appellant cites *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959). The analogy is inapposite simply because the workmen's compensation law does not address losses incurred by intentional injury by employee or employer. We said there only that a denial of right of access to the courts for existing common law actions might violate Article I, Section 11 *without providing some statutory remedy.* The instant case, however, is very different. Here, the injury suffered was clearly within the scope of the Act and the appellant was fully compensated under the Act. As this Court stated in *Dolan*, "[T]he substituted remedy need not be the same." As the *Dolan* decision rested comfortably on the language of the Act, the discussion of the possible effect of Article I, Section 11 was dicta, dicta that was subsequently repudiated. *See, Freezer Storage, Inc. v. Armstrong Cork Co., supra,* 476 Pa. at 281, 382 A.2d at 721. ("To the extent that the dictum therein suggests that the legislature may never abolish a judicially recognized cause of action, we decline to follow it.")

The appellants have failed to overcome the presumption that the exclusivity clause was constitutional. *Lattan-*

*zio v. Unemployment Compensation Board of Review,* 461 Pa. 392, 336 A.2d 595 (1975).

The appellant also attempts an analogy between the Workmen's Compensation Act and the Occupational Diseases Act.[3] This Court has allowed tort actions against an employer in cases where a disease was not specifically set out in the occupational disease statute, while barring such litigation in claims covered by workmen's compensation. *Boniecke v. McGraw-Edison Co.,* 485 Pa. 163, 401 A.2d 345 (1979); *Greer v. United States Steel Corp.,* 475 Pa. 448, 380 A.2d 1221 (1977). The appellant argues that this alleged contradiction works a fundamentally unfair paradox. In analyzing the definitional distinctions in the two Acts the analogy collapses. Under the Occupational Diseases Act, only the specifically enumerated occupational disease or diseases which pass a three-part test, 77 P.S. § 1208, bring statutory benefits for the employee and tort immunity for the employer; the Act does not intend to bar tort litigation involving diseases not covered by the Act. The Workmen's Compensation Act, on the other hand, covers *"all injuries,"* and the exclusivity clause bars tort actions flowing from *any* work-related injury. This analogy was raised and rejected in *Hartwell v. Allied Chemical Corp., supra,* 457 F.2d at 1337.

In advancing this argument, appellant points out that the Workmen's Compensation Act was enacted as a "humanitarian" measure, deserving a liberal construction. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). To effectuate those humanitarian goals, appellant argues that the Act should be liberally construed to provide as much recovery as possible. Such concepts of statutory interpretation are resorted to only when language is ambiguous. Statutory Construction Act, *supra,* 1 Pa.C. S.A. § 1921(b) (1972); *In re Fox's Estate,* 494 Pa. 584, 431 A.2d 1008 (1981). Here, there is no ambiguity. The Workmen's Compensation Act explicitly states that it is the

**3.** Act of June 21, 1939, P.L. 566, No. 284 § 101 *et seq.* 77 P.S. § 1201 *et seq.* as amended.

exclusive avenue of compensation, barring actions at common law against an employer.

For these reasons, the decision of the Superior Court is affirmed.

NIX, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion.

NIX, Justice, concurring.

I question an analysis of the instant case which frames the issue as being whether the injury is covered under the Workmen's Compensation Act (Act). Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1 *et seq.* In my judgment, the instant complaint goes to the adequacy of the legislative remedial provision allowed in cases such as this. I agree with the majority that the Superior Court decision should be affirmed.

Here, the Act including its exclusivity clause, 77 P.S. § 481(a), is clearly applicable to the instant injury. The pelvic injuries were sustained during a fall which occurred within the course of the employment. During the time that appellant was disabled as a result of the injury in question, he in fact did apply for and did receive benefits. The matter in controversy, i.e., the resultant impotence, is not an independent injury but rather a residual consequence of the initial injury.

The Act recognizes losses of this nature and provides for them pursuant to section 306(b), 77 P.S. § 512. Under section 306(b), this would clearly qualify as a permanent partial disability. *Scott v. Powell Coal Co.*, 402 Pa. 73, 166 A.2d 31 (1960). However, since compensation under this section is computed upon the loss of weekly earnings resulting from the condition, appellant who has not sustained a loss of his earnings as a result of the impotence does not qualify for compensation under that section. *See Scott v. Powell Coal Co., supra.*

[A] claimant who has suffered a permanent partial disability, such as the loss of the senses of taste and smell,

or *the loss of the use of any functional part of the body,* as a result of an accident suffered in the course of his employment, may still recover for that loss under the Workmen's Compensation Act, but he cannot receive an award if his earnings were equal to or in excess of his weekly earnings before the accident. (Emphasis added). *Id.*, 402 Pa. at 75, 166 A.2d at 33.

The nature and extent of the remedy provided by the General Assembly in a remedial statute is within the sound judgment of the legislature. That discretion should not be intruded upon by the judicial branch. The urged recognition of a common law cause of action would, in fact, constitute that type of unwarranted and impermissible intrusion.

LARSEN, Justice, dissenting.

I disagree that appellant's suit against his employer is barred by the exclusivity provision of the Workmen's Compensation Act. Accordingly, I dissent.

Article 1, Section 11 of the Pennsylvania Constitution states that "All courts shall be open, and every man for an injury done him in his ... person ... shall have remedy by due course of law...." Thus, workmen's compensation, which limits the rights of employees to sue their employers for injuries incurred in the course of employment, can exist only because the Pennsylvania Constitution also empowers the legislature to abolish certain causes of action by employees against their employers and to enact laws that require employers to pay reasonable compensation to employees who are injured in the course of their employment. Pa. Const. art. 3, § 18.

However, Article 3, Section 18 does not empower the legislature to enact laws that abolish an employee's cause of action without concurrently providing some statutory remedy. *Dolan v. Liton's Lunch*, 397 Pa. 114, 152 A.2d 887, 892 (1959). Consequently, appellant's cause of action is barred by the Workmen's Compensation Act only if the Act provides some remedy for appellant's injury.

The Act provides three classifications of compensation for employees injured during the course of their employment: 1) total disability, 77 P.S. § 511; 2) partial disability, 77 P.S. § 512; and 3) specific loss, 77 P.S. § 513. In this case, since appellant's injury has no effect on his ability to work, he is not entitled to total or partial disability benefits under the Act. In addition, since appellant's injury is not listed in the specific loss section of the Act, he is not entitled to benefits for a specific loss.

Thus, it is clear that although appellant has suffered a serious permanent injury—namely, permanent impotence— the Act deprives appellant of both a forum for redress and a remedy, in violation of Article 1, Section 11 of the Pennsylvania Constitution.

I would reverse the order of the Superior Court and remand this case for trial.