664 A.2d 1032

Diana G. POLLARD, Administratrix of the Estate
of Thomas C. Pollard, Deceased, Appellant,

v.

LORD CORPORATION, A Corporation.

Superior Court of Pennsylvania.

Argued June 13, 1995.

Filed Sept. 8, 1995.

Irving M. Portnoy, Pittsburgh, for appellant.

Peter Molinaro, Jr., Pittsburgh, for appellee.

Before CIRILLO, FORD ELLIOTT and HESTER, JJ.

CIRILLO, Judge:

Appellant, Diana G. Pollard, Administratrix of the Estate of Thomas C. Pollard, appeals from the trial court's order granting appellee Lord Corporation's preliminary objections in the nature of a demurrer and dismissing her complaint. We reverse.

Diana Pollard filed a wrongful death action against the decedent's former employer, Lord Corporation, a manufacturer and distributor of aerospace components. Pollard alleged

in the complaint that the decedent died as a result of complications from malignant nodular lymphoma, and that the disease was contracted as a result of decedent's occupational exposure to "numerous toxic and deadly chemicals." Pollard also alleged that the decedent's exposure to these chemicals was due to Lord Corporation's negligence. Pollard instituted this action under the wrongful death statute, *see* 42 Pa.C.S.A. §§ 5524(2) and 8301, and sought compensatory and punitive damages.

Lord Corporation filed preliminary objections to Pollard's complaint, averring that Pollard's sole remedy was under the Workers' Compensation Act, 77 P.S. §§ 1 *et seq.* The trial court granted the preliminary objections and dismissed Pollard's complaint. On appeal, Pollard raises one issue:

> Whether the trial court erred in granting Defendant Lord Corporation's preliminary objections in the nature of a demurrer when Lord Corporation failed to establish with certainty, under the facts set forth in Plaintiff's Complaint, that Plaintiff is entitled to recover benefits under the Workers' Compensation Act and/or the Occupational Disease Act so as to preclude the instant action?

In an appeal from an order sustaining preliminary objections in the nature of a demurrer, the appellate court applies the same standard employed by the trial court; all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether the demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *See Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985); *Santiago v. Pennsylvania Nat. Mut. Casualty Ins. Co.*, 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992).

> Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint. *See* Pa. R.C.P. 1019; 4 Standard Pennsylvania Practice § 21:32; *see*

*also Pike County Hotels Corporation v. Kiefer,* 262 Pa.Super. 126, 396 A.2d 677 (1978) (at a minimum, the pleader must set forth facts upon which his cause of action is based). When ruling on preliminary objections, a court must generally accept as true all well and clearly pleaded facts, but not the pleader's conclusions or averments of law. *See* 5 Standard Pennsylvania Practice § 25:8. *See also Keirs v. Weber National Stores, Inc.,* 352 Pa.Super. 111, 507 A.2d 406 (1986).

*Id.* at 185, 613 A.2d at 1239.

Initially, we note that the trial court analyzed the applicable provisions of both the Workers' Compensation Act (WCA), 77 P.S. § 1 *et seq.,* and the Occupational Disease Act (ODA), 77 P.S. § 1201 *et seq.* The trial court determined that Pollard was unable to obtain relief under the ODA, and concluded that Pollard's common law action in trespass was barred because she could either establish causation and recover under the WCA, effectively precluding her trespass action, or not establish causation and remain forestalled from recovery for a common law action in negligence.

■ The Workers' Compensation Act (WCA) is the sole and exclusive means of recovery against employers for all injuries arising out of accidents occurring within the course of employment. 77 P.S. § 481(a). Section 481(a) of the WCA provides:

(a) The liability of an employer under this action **shall be exclusive and in place of any and all other liability to such employes,** his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108 [section 27.1 of this title] (footnotes omitted).

77 P.S. § 481(a) (emphasis added).

Similarly, the ODA also contains an exclusivity provision. *See* 77 P.S. § 1403. Section 1403 provides:

Such agreement shall constitute an acceptance of all the provisions of article three of this act, [footnote omitted] **and**

**shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease,** or to any method of determination thereof, other than as provided in article three of this act.[1] . . .

77 P.S. § 1403 (emphasis added).

■ Generally, a common law action is barred where the exclusivity provisions of the WCA or ODA limit the claimant's recovery to those administrative remedies set forth in the WCA or the ODA. *See Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983); *Alston v. St. Paul Ins. Companies,* 389 Pa.Super. 396, 567 A.2d 663 (1989), *affirmed,* 531 Pa. 261, 612 A.2d 421 (1992); *Santiago, supra.* In this case, however, the trial court has rotated the analysis, concluding, as mentioned above, that because Pollard had pled her claim beyond the terms of the ODA, and because the question of causation, if favorable to Pollard, would place her within the WCA, her trespass action, necessarily, must fail. In sum, the court found that Pollard had alleged that malignant nodular lymphoma was not listed in either the WCA or the ODA as one of the specific diseases for which recovery may be had, and had alleged that it was not a disease peculiar to the aerospace industry and thus was not an "occupational disease" within the terms of the ODA. Pollard, then, had pled herself beyond the terms of the ODA.

As for the WCA, the court determined that its broader coverage encompassed any disease resulting or arising out of the claimant's employment. As such, the court reasoned, causation would have to be established in order for Pollard to recover under the WCA. The court went on to explain that if causation was established, the exclusivity provision of the WCA would bar Pollard's common law action; if causation was not established, then Pollard's negligence action would also, necessarily, fail. The court rationalized, therefore, that in either scenario, Pollard would be precluded from recovery in an action based on the employer's alleged negligence.

1. 77 P.S. § 1401 *et seq.*

Pollard argues that the court's reasoning was faulty. Pollard relies upon the Pennsylvania Supreme Court's decisions in *Greer v. United States Steel Corporation,* 475 Pa. 448, 380 A.2d 1221 (1977) and *Boniecke v. McGraw–Edison Co.,* 485 Pa. 163, 401 A.2d 345 (1979). Before reviewing these cases, we will first examine the relevant provisions of the ODA and the WCA.

Section 1208 of the ODA enumerates several specific diseases which, for purposes of the ODA, are defined as "occupational diseases." Section 1208 also provides a "catch-all" provision in subsection (n), which includes:

> (n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population. . . .

77 P.S. § 1208.

■ Malignant nodular lymphoma is not one of the diseases enumerated in section 1208. Further, it does not fall within the catch-all provision of subsection (n). Pollard specifically avers in her complaint that the alleged occupational disease, malignant nodular lymphoma, is "a disease which is not peculiar to the aerospace component manufacturing industry or to decedent's occupation as a maintenance mechanic and is a disease common to the general population." Plaintiff's complaint, ¶ 10, R.R. 3a. Consequently, Pollard effectively pled herself beyond the provisions of the ODA. However, this fact, that Pollard is precluded from recovery under the ODA, does not bar the common law action in trespass. *See Kline v. Arden H. Verner Co.,* 307 Pa.Super. 573, 453 A.2d 1035 (1982), *affirmed,* 503 Pa. 251, 469 A.2d 158 (1983) (Occupational Disease Act has application only to those diseases identified therein and was not intended to bar trespass actions brought upon diseases not covered by the Act).

■ We move on, then, to determine whether Pollard has pled her claim beyond the terms of the WCA. Article III of the WCA provides in part:

(a) When employer and employe shall by agreement, either express or implied, as hereinafter provided, accept the provisions of article three of this act, [footnote omitted] compensation for disability or death of such employe, caused by occupational disease, arising out of and in the course of his employment, shall be paid by the employer, without regard to negligence, . . .

77 P.S. § 1401. The WCA also enumerates various diseases defined as "occupational diseases" under the WCA. *See* 77 P.S. § 27.1. This list is virtually identical to that provided in the ODA, 77 P.S. § 1208, except that the list provided in the WCA includes byssinosis. 77 P.S. § 27.1(p). Like the ODA, the WCA also contains a catch-all provision which includes:

(n) All other diseases (1) to which the claimant is exposed by reasons of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

77 P.S. § 27.1(n).

Nodular lymphoma is not specifically enumerated in section 27.1 of the WCA. Additionally, as we have stated above, Pollard has pled in her complaint that the disease is not peculiar to the aerospace industry or to the decedent's occupation and that it is common to the general population. At first glance, it would seem that recovery is not available under the WCA. The WCA, however, is not as confining as the ODA. Section 411 of the WCA, 77 P.S. § 411, defines "injury" as

. . . an injury to an employe, regardless of his previous physical condition, **arising in the course of his employment and related thereto,** and such disease or infection as naturally results from the injury or is aggravated, reactivated, or accelerated by the injury . . .

77 P.S. § 411(1) (emphasis added). Moreover, subsection 2 indicates that "injury" is not confined to the enumerated diseases or the catch-all provision. Subsection 2 states that

The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall

include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act. . . .

77 P.S. § 411(2). Thus, coverage under the WCA is broader than coverage under the ODA. In *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (1983), our Supreme Court explained:

> Under the Occupational Disease Act, only the specifically enumerated occupational disease or diseases which pass a three-part test, 77 P.S. § 1208, bring statutory benefits for the employee and tort immunity for the employer; the Act does not intend to bar tort litigation involving diseases not covered by the Act. The Workmen's Compensation Act, on the other hand, covers *"all injuries,"* and the exclusivity clause bars tort actions flowing from *any* work-related injury."

*Id.* at 255, 469 A.2d at 160 (emphasis in original). *See also Pawlosky v. W.C.A.B.*, 514 Pa. 450, 461, 525 A.2d 1204, 1210 (1987) ("job related aggravation of a disease is a category of 'injury' for compensation purposes.").

Our Supreme Court has also stated:

> [F]ailure to meet the definition of occupational disease does not exclude a claimant from compensation under the workmen's compensation system. *See Pawlosky v. W.C.A.B.*, 514 Pa. 450, 525 A.2d 1204 (1987). Such definitions are merely procedural means of creating a non-conclusive presumption that an injury was work-related. Failure to establish the presumption is not dispositive; the claimant may still go forward in making out a case of workmen's compensation absent the presumption.

*McCullough v. Xerox Corp.*, 399 Pa.Super. 135, 141, 581 A.2d 961, 964 (1990).

In the case before us, the trial court determined that the decedent's nodular lymphoma fell within the WCA's definition of "injury." 77 P.S. § 411(2). Based on the following rationale, the trial court granted Lord Corporation's demurrer to Pollard's complaint:

We agree with the plaintiff that we are not in a position to say with any certainty whether benefits are available under the WCA. However, our inability to so decide stems from the fact that we do not know whether the plaintiff can establish a causal connection between the decedent's disease and his employment. Either the plaintiff will be able to show that the decedent's malignant nodular lymphoma arose from his employment and was related thereto, or she will not be able to make such a showing. If she can make the showing, then she is entitled to benefits under the WCA, and the present suit is barred. If the plaintiff cannot establish causation, then she has no remedy against the decedent's employer, whether under the WCA or by a common law action. Either way, the plaintiff cannot state a viable common law action against this defendant.

Trial Court Opinion, pp. 20–21.

We do not agree with this reasoning. The preclusive effect of a workers' compensation claim in a subsequent tort action is plain. *See Grant v. GAF Corp.*, 415 Pa.Super. 137, 152, 608 A.2d 1047, 1055 (1992) *affirmed, Gasperin v. GAF*, 536 Pa. 429, 639 A.2d 1170 (1994) ("[T]he issue decided in the prior workmen's compensation claims, that the decedents' carcinoma was not related to occupational exposure, is identical to that presented in the civil action.... The preclusive effect of this determination in a subsequent tort action is clear; the element of causation is necessary to recovery in a tort action against the defendants/manufacturers.") *Notwithstanding, Pollard's complaint is devoid of any allegation of a worker's compensation adjudication in this matter.* We are unwilling to jeopardize Pollard's common law remedy if in fact she is precluded from recovery under the WCA. As our Supreme Court stated in *Greer, supra:* "[A]n attempt to bar recovery where no compensation recovery can be had might well violate Article I, Section 11, of the [Pennsylvania] Constitution." 475 Pa. at 451–452, 380 A.2d at 1222–1223.[2]

---

**2.** Article 1, Section 11 of the Pennsylvania Constitution provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course

In *Greer*, the employee sought recovery from the employer in a common law negligence action, alleging that the disease was contracted in the course of employment as a result of the employer's negligence. In its answer, the employer responded that Greer's sole remedy was through the ODA. The employer sought judgment on the pleadings and the trial court denied the motion.

On appeal to this Court, we reversed and granted judgment for the employer. The Pennsylvania Supreme Court reversed this Court's decision and remanded the case to the trial court, noting the following:

> In the pleadings we have no assertions by either side as to whether the existence of those conditions [set forth in subdivision (n) of the ODA] can or cannot be demonstrated.... In any event, the uncertainty of this factual question makes it inappropriate for the grant of a judgment on the pleadings.

*Greer*, 475 Pa. at 453, 380 A.2d at 1223.

Thus, our Supreme Court found that judgment on the pleadings was unfitting in the absence of an initial administrative determination. The Supreme Court remanded to the trial court, indicating that it "may well be appropriate for the court below to grant a stay pending administrative action in accordance with the doctrine of primary jurisdiction." *Id.*

Similarly, here, the complaint makes no averment with respect to the ODA or the WCA. Pollard does allege that the disease is not peculiar to the aerospace industry or to the

of law, and right and justice administered without sale, denial or delay.

Pa. Const., art. 1, section 11. *See generally Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975) (where a legal injury had previously been recognized at common law, it may be abolished by the legislature or may change and evolve over time to the point where it would no longer constitute a compensable right); *see also Grant v. GAF*, 415 Pa.Super. 137, 161, 608 A.2d 1047, 1059 (1992) (a legislative requirement that a claimant seek redress through an alternative procedure does not violate Article I, section 6 of the Pennsylvania Constitution "provided the right to trial by jury is available prior to a final determination of the respective rights of the parties.") (*quoting Mattos v. Thompson*, 491 Pa. 385, 390, 421 A.2d 190, 192 (1980)).

decedent's occupation as a maintenance mechanic. In its preliminary objections, Lord Corporation simply avers that the WCA and the ODA are a complete bar to Pollard's cause of action. This alone is insufficient to support a demurrer. At this stage, where there is no indication that an administrative remedy has been pursued or completed, we do not believe that the law says with certainty that Pollard cannot recover under common law. There has been no final administrative determination here which would · bar the instant cause of action. *Compare Grant, supra* (where worker's compensation referee determined that the decedents' diseases were not caused by exposure in the workplace, and the decisions were appealed to the Worker's Compensation Appeal Board and were affirmed, plaintiffs, in a subsequent tort action, were subject to collateral estoppel principles) *and McCullough v. Xerox Corporation,* 399 Pa.Super. 135, 581 A.2d 961 (1990), *alloc. denied,* 527 Pa. 624, 592 A.2d 45 (1991) (decision of referee in worker's compensation proceedings finding that claimant's injury was not work related, subsequently affirmed on appeal, collaterally estopped claimant from pursuing identical issue in common law tort action against employer) *with Greer, supra* (in employee's common law action against employer, uncertainty of recovery under the ODA precluded judgment on the pleadings in favor of employer) *and Boniecke v. McGraw-Edison Company,* 485 Pa. 163, 401 A.2d 345 (1979) (material issue of fact as to worker's compensability under Worker's Compensation Act precluded summary judgment in common law trespass action by worker against employer on allegation that his disease was a result of employer's failure to provide him with a safe workplace).

The trial court found that *Greer* was not applicable here because it was decided prior to the 1972 amendments to the WCA. The trial court stated:

"Importantly, the plaintiff's cause of action in *Greer* was governed by the pre–1972 version of the WCA. . . . Thus, we do not believe *Greer* is at all applicable to the question of whether the instant plaintiff can be afforded statutory relief under the current WCA."

Trial Court Opinion at p. 20. However, as our Supreme Court pointed out in *Boniecke, supra,*

> These [amendment] provisions that were added to the Workmen's Compensation Act to provide compensation for victims of occupational diseases are very similar to the portions of the Occupational Disease Act that were construed in *Greer* and, hence, the analysis we performed in the *Greer* case would apply here as well.[ ] Accordingly, appellants' contention that the Workmen's Compensation and Occupational Disease Acts are totally exclusive and deprive common pleas courts of jurisdiction over claims arising from diseases not covered by those acts is rejected.

*Boniecke,* 485 Pa. at 166–167, 401 A.2d at 346. We conclude, therefore, that the trial court misinterpreted *Greer* and *Boniecke.* Although the trial court correctly stated that if Pollard can recover under the WCA, her common law action does not exist, we find nothing in the pleadings which would indicate that Pollard is entitled to relief under the WCA. *See Martin v. Lancaster Battery Co., Inc. et al.,* 530 Pa. 11, 606 A.2d 444 (1992) (The WCA does not bar a common law action against an employer for an injury which is non-compensable under the WCA, or not work-related); *see also McGinn v. Valloti,* 363 Pa.Super. 88, 525 A.2d 732 (1987), *alloc. denied,* 517 Pa. 618, 538 A.2d 500 (1988). To reiterate, there has been no adjudication of Pollard's rights under the WCA. The question of Pollard's compensability under the WCA cannot be resolved from the pleadings. The court's order sustaining preliminary objections and granting a demurrer was, therefore, inappropriate. *See Boniecke,* 485 Pa. at 167–168, 401 A.2d at 347; *see also Kyle, supra.*

Order reversed and case remanded for proceedings consistent with this decision.[3] Jurisdiction is relinquished.

---

3. As our Supreme Court stated in *Greer,* it may be appropriate for the trial court to grant a stay pending administrative action. 475 Pa. at 453, 380 A.2d at 1223.