686 A.2d 819

**HARMAR ICE ASSOCIATES, Triple K Ice–Skating, Inc., and Harmar Development Company,**

v.

**James E. LIGNELLI, an individual, Diversified Evaluation Co., Charles J. Scally, an individual, Philip W. Scally, Jr., an individual, Scally's Golf Center, Airport Ice Arena, Inc., John E. Deklewa, an individual, and John Deklewa & Sons, Inc., Appeal of John E. Deklewa, an individual, and John Deklewa & Sons, Inc.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided Dec. 24, 1996.

John L. Spiegel, Frank J. Kernan, Marshall J. Conn, John E. Deklewa, & John Deklewa & Sons, Inc., Pittsburgh, for appellants.

Joseph A. Katarincic, Richard M. Smith, Kim W. Watterson, Harmar Ice Associates, Triple K Ice–Skating, Inc., Manning J. O'Connor, David G. Oberdick, James Lignelli & Div. Evaluation Co., Pittsburgh, for appellees.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal by allowance from a memorandum decision of the Superior Court which vacated an order of the Court of Common Pleas of Allegheny County and remanded for entry of an injunction against John E. Deklewa and John Deklewa & Sons, Inc., appellants herein.

The relevant factual background is as follows. In 1992, a bank hired James E. Lignelli to appraise a nearly completed ice skating rink in Harmar Township, Allegheny County, for which the appellee owner-developers (collectively known as "BladeRunners") were seeking permanent financing. In conducting the appraisal, Lignelli obtained confidential information regarding BladeRunners' business plans, both present and future, as well as information pertaining to operations, demand, and prospective users of the ice rink. By coincidence, Lignelli was contemporaneously hired to appraise another ice rink that was planned for construction elsewhere in the same county, i.e., the Airport Ice Arena in Moon Township. The developers of the latter rink were potential competitors of BladeRunners, particularly because BladeRunners had been planning to construct an additional ice rink in that same area. BladeRunners declined an invitation to become an investor in the Airport Ice Arena. In 1993, Lignelli assumed an active role in developing the competitors' project and gathered together a group of investors. Appellants were to serve as both investors and general contractors in charge of constructing the rink.

Asserting that by advancing the development of a competing ice rink Lignelli was making improper use of confidential information gained in the course of appraising the BladeRunners' facility, BladeRunners filed an action seeking an injunction against Lignelli and his business associates, including appellants. After BladeRunners' evidence was presented to the trial court, the court denied the request for an injunction

against appellants and granted appellants' motion for a compulsory nonsuit. Lignelli's motion for a compulsory nonsuit was denied and the case proceeded.

An appeal was taken to the Superior Court challenging the trial court's denial of an injunction against appellants. The Superior Court vacated the judgment below and remanded for entry of the injunction. We reverse on the ground that appellants have not been accorded their due process right to a hearing.*

■ Inasmuch as the nonsuit was granted by the trial court after presentation of the BladeRunners' evidence but before the appellants had an opportunity to present a defense, the Superior Court's remand for the direct entry of an injunction against appellants would constitute a denial of their fundamental due process right to be heard. As we stated in *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981),

> Adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, *to introduce evidence on his own behalf, and to make argument.*

(Emphasis added.)

■ BladeRunners agree that appellants should have an opportunity to be heard but assert that the Superior Court's decision should be construed as providing for such a hearing. We do not agree, for the Superior Court stated simply: "Order vacated and matter remanded for the entry of an injunction against the [appellants] consistent with this Memorandum." Hence, we reverse and remand for the trial court

---

* In light of our disposition on this basis, we do not reach appellants' contentions that the Superior Court gave inadequate weight to factual findings of the trial court that confidential information obtained by Lignelli had a maximum useful life of two years and that appellants did not receive confidential information that would have assisted them in constructing or operating an ice rink.

to consider whether an injunction is warranted after it affords appellants an opportunity to present their defense.

Order reversed, and case remanded.