**LARRY PITT & ASSOCIATES,**
Appellant,

v.

**Richard LONG and Workers' Compensation Appeal Board and General Motors Corporation.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.
Decided Aug. 5, 1998.

George D. Walker, Jr., Philadelphia, for appellant.

Eric Green, Philadelphia, for appellee, Richard Long.

Jonathan F. Ball, Philadelphia, for appellee, General Motors Corporation.

Before FLAHERTY and LEADBETTER, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

At first reading, this case appears to be unusual, confusing and complex. However, as Judge Peter Paul Olszewski recently wrote:

If at first you don't succeed, sue, sue again. This apparently is appellant's adopted mantra, spurring him to reincarnate the instant action seven times over the past decade. Like a Phoenix rising from the ashes, this case once again appears on our docket.[1]

Appellant Larry Pitt & Associates (Pitt) appeals from an order of the Philadelphia Common Pleas Court (trial court) granting the preliminary objections (P.O's) of Appellee General Motors (GM) and striking Pitt's entire complaint on the basis that Pitt had not exhausted his administrative remedies since the Workers' Compensation Appeal Board (Board) had the same matter pending before them.

On January 10, 1996, Long signed a "Contingent Fee Agreement" (fee agreement) to be represented by Pitt who rendered expedited service by filing a claim petition two days later immediately before the statute of limitations expired. GM filed an answer denying every allegation. Pitt then negotiated a settlement and attended a hearing before the Workers' Compensation Judge (WCJ), but on March 20, 1996, two days prior to the date scheduled for Long to sign off on the settlement agreement, Long discharged Pitt and proceeded *pro se* before the WCJ. Pitt never filed with the WCJ or WCAB the fee agreement Long had previously signed.

By letter to Pitt on April 2, 1996, WCJ advised that she would not permit Pitt's argument on his fee agreement and advised Pitt that he lacked standing to pursue his claim for attorney fees because he no longer represented Long and that she had removed Pitt from the hearing notice list. On April 3, 1996, Pitt filed an appeal of the WCJ's letter decision to the Board (WCAB I) on the grounds that a claimant's prior counsel has standing to challenge a fee if he has a pecuniary interest in the resolution of the claim. That appeal (WCAB I) has not been decided.

On April 17, 1996, while the appeal to the Board was pending, Pitt filed a Complaint in mandamus and an application for an injunction with the Commonwealth Court (CC I), naming WCJ Makin, the Workers' Compensation Bureau (WCB) and the Board as respondents. In that action, Pitt requested the Commonwealth Court to order the respondent employer GM to pay 20% of Long's workers' compensation award to Pitt.

On April 23, 1996, WCJ Makin granted Long workers' compensation benefits. GM was ordered to pay workers' compensation benefits directly to Long, who was now *pro se*. Pitt was excluded from this hearing by the WCJ. On April 26, 1996, Pitt appealed the WCJ's decision to the Board (WCAB II). Pitt did not request a stay of Long's workers' compensation proceedings.

Also, on April 26, 1996, Pitt filed an equitable action in the nature of a request for a temporary restraining order, preliminary injunction and permanent injunction in Philadelphia Common Pleas Court at No. 3172 April Term, 1996 (CP I).

On April 29, 1996, Pitt filed an action for damages in Philadelphia Common Pleas Court against Long and GM at No. 3346 April Term 1996 (CP II). Pitt's complaint alleged breach of contract against Richard Long (Long), requested damages equal to his contingent attorney fee of twenty percent (20%) of ongoing benefits plus delay damages and punitive damages, that GM be ordered to pay all monies due Long by GM directly to

---

1. *Menna v. St. Agnes Medical Ctr.*, 456 Pa.Super. 301, 690 A.2d 299 (1997).

Pitt and also alleged GM was the trustee of an actual or constructive trust of the benefits due Long. Pitt originally appealed the trial court's order sustaining GM's preliminary objections to Superior Court which then transferred the appeal to this Court because of a concurrent action pending in this Court on the same matter.

The two actions at CP I and CP II were consolidated in Philadelphia Common Pleas Court by order dated August 6, 1996.

On May 24, 1996, after considering Pitt's appeal, the Board ordered that 20% of the compensation payable to Long was to be held in escrow pending further order of the Board (presumably on WCAB I and II). The Board held oral argument on the matter on May 28, 1996, and discovered that Pitt had filed several actions in different forums, all of which related to the fee dispute. Because Commonwealth Court had accepted jurisdiction over two of the actions, the Board issued an order on May 29, 1996, that revoked its previous order of May 24 and continued the case. Pitt appealed the Board's order of May 29, 1996, to Commonwealth Court (CC II).

On June 21, 1996, and August 26, 1996, GM filed P.O's to the complaints filed at CP I and CP II, respectively. Long did not file P.O's. On October 22, 1996, the trial court sustained GM's P.O's and struck Pitt's complaints (as to GM *and* Long). The order in CP I was not appealed. This appeal (CC III) of the order in CP II followed.

On June 28, 1996, in No. 427 M.D.1996, Commonwealth Court (before Kelton, S.J.) dismissed Pitt's petition for mandamus and request for preliminary injunction (CC I).

On the same date, June 28, 1996, in case No. 1499 C.D.1996, the Commonwealth Court (Kelton, S.J.) quashed Pitt's appeal of the Board's order of May 29, 1996 (CC II) as interlocutory and granted counsel fees and costs.[2]

Pitt's appeals of WCAB I and II are still before the Board. Here (CC III), we affirm

the trial court in part, reverse in part and remand.

■ The scope of review of an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. The court must accept as true all well-pleaded allegations of material fact in the complaint as well as any inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *In re Appeal of Gomez*, 688 A.2d 1261 (Pa.Cmwlth.1997).

Although there are several issues raised in all seven of the legal actions and appeals of Pitt, when P.O's are sustained our appellate review is limited to the issues raised by Appellant, Pitt, in the case *sub judice*, which are:

(1) Whether the trial court erred as a matter of law in sustaining the P.O's of GM on the basis of Pitt's failure to exhaust administrative remedies, and

(2) Whether the trial court erred in striking the complaint with prejudice as to the nonmoving party, Long, when that part of the order sustaining P.O's pertains only to GM.

■ The doctrine of exhaustion of administrative remedies applies where there exists an administrative agency possessed of technical expertise which is authorized to render a decision on a particular issue. *Ohio Casualty Group of Insurance Companies v. Argonaut Insurance Co.*, 514 Pa. 430, 525 A.2d 1195 (1987). The doctrine operates as a restraint on the exercise of a court's equitable powers and recognition of the legislature's direction to comply with statutorily-prescribed remedies. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39 at 46, 451 A.2d 434 at 437 (1982). Pitt maintains that the doctrine of failure to exhaust administrative remedies does not apply because, in his complaint, he alleged common law causes of action for breach of contract and for actual or constructive trust.

---

**2.** In a consent decree at No. 1449 C.D.1996 (CC III), this court imposed costs and counsel fees against Pitt in the sum of $11,275 (GM $7500,

Long $2000 and WCB $1775) which included those costs involved in the dismissed mandamus action (CC I).

Pitt maintains that this court's decision in *Pitt v. Workmen's Compensation Appeal Board (McEachin)*, 161 Pa.Cmwlth. 60, 636 A.2d 235 (1993), *petition for allowance of appeal denied*, 538 Pa. 661, 648 A.2d 792 (1994), recognized that the appropriate forum for maintenance of a common law cause of action is the court of common pleas.

Pitt relies on *McEachin* and contends that common pleas court is the forum that properly decides the entitlement of an attorney to counsel fees in a workers' compensation case where the attorney performed work and attended a hearing in the matter, but did not file the fee agreement with the Department before he was discharged prior to the settlement agreement being signed by the claimant and the employer. Unlike Pitt's position in *McEachin*, Pitt was not discharged in favor of another attorney in the case *sub judice*, like he was in *McEachin*.

In the *McEachin* case, this court, en banc, held that where Pitt was discharged by a workers' compensation claimant in favor of a succeeding attorney, the fee dispute between two attorneys was more properly heard in common pleas court because there was no allegation by Pitt that he had first filed the fee agreement and, therefore, he lacked standing with the WCJ and Board and, further, his appeal was not timely filed. *McEachin* makes it clear that once the dispute is between a worker's compensation client and two successive attorneys, neither the referee (WCJ) nor the Board have any authority to decide the fee dispute because the issues as between two attorneys could be foreign to the expertise of the WCJ and Board or involve conflicts or other Professional Conduct Rule violations. Although an attempt was made here to distinguish *McEachin* from this case because there was no successor attorney in the present matter, it is a distinction without a difference that the claimant did not replace Pitt with a succeeding attorney, but proceeded *pro se* before the WCJ. The true distinction for the purpose of determining the proper forum is whether or not the fee agreement was ever filed with the WCB.

Although it is a common experience for a WCJ and Board to approve a fee when a fee agreement has been filed with the department before the client discharges his counsel, there is no authority in the Workers' Compensation Act (Act)[3] for the Board to establish the fee for an attorney who has not submitted his fee agreement for approval under Sections 442 or 501 of the Act.[4] The WCJ and Board's authority over fees is limited to those fees submitted to it and approved by it, while an attorney-client relationship still exists.

If the client discharges his/her attorney before the attorney files the fee agreement with the department, the attorney must seek compensation in a civil action in common pleas court on the basis of quantum meruit and/or unjust enrichment. Such procedure is consistent with *McEachin*.

Because there existed some degree of uncertainty about finding a solution for his problem with his former client, Pitt seemingly adopted a shotgun approach to determine how to get paid for his services. Pitt should

---

3. The Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

4. Section 442 of the Act, 77 P.S. § 998, reads in pertinent part: All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or Workmen's Compensation Appeal Board, whether or not allowed as part of a judgment, shall be approved by the referee or board, as the case may be, providing the counsel fees do not exceed *twenty per centum of the amount awarded*. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

Section 501 of the Act, 77 P.S. § 1021, reads in pertinent part: No claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation, under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by Workers' Compensation Appeal Board. Any such claim or agreement shall be filed with the department, which shall, as soon as may be, notify the person by whom the same was filed of Workers' Compensation Appeal Board's approval or disapproval thereof, as the case may be.

have chosen his forum for seeking damages before filing an appeal with the Board, or, if case law in this area caused an ambiguity, then in this instance, to be safe, Pitt should have let the appeal to the Board continue while seeking a stay from the common pleas court on the civil action for his fee in CP II. At the time of Pitt's discharge, the mandates of Sections 442 and 501 of the Act requiring approval of workers' compensation attorney fees had not been interpreted to include an attorney discharged before filing his fee agreement and *McEachin* seemed to be limited to a dispute involving a client and two attorneys.[5]

■ The trial court properly ruled that Pitt's issues regarding attorney's fees are, however, still before the Board. It would have been improper for the trial court to make a determination on the same issue pending before the Board, based upon the doctrine of exhaustion of administrative remedies before the right of judicial review arises. *Canonsburg General,* 492 Pa. at 73, 422 A.2d at 144. The trial court should defer judicial review where the question presented is apparently one within an agency's specialization and where the administrative remedy is likely to produce the desired result. *National Solid Wastes Management Association v. Casey,* 135 Pa.Cmwlth. 134, 580 A.2d 893, 897 (1990), *aff'd,* 533 Pa. 97, 619 A.2d 1063 (1993).

■ GM argues that, under sections 442 and 501 of the Act, the WCJ and the Board are the only forums vested with subject matter jurisdiction to approve attorney fees in workers' compensation matters and that the trial court, therefore, reached the right result but for the wrong reason, because it should have decided the case on the basis of a lack of jurisdiction. GM is not, however, an aggrieved party under the trial court's order and, as such, is in no position to challenge the trial court's reasoning.[6] Moreover, Pitt is claiming a breach of an actual or constructive trust by GM and a *breach* of the fee contract with Long, rather than seeking only the mere *approval* of the fee agreement from the WCB. The trial court did, therefore, have jurisdiction of the subject matter, which was a claim for services rendered by an attorney to his client, even though a 20% contingent fee was the amount claimed for services rendered in a workers' compensation matter.

GM also argues, in support of its P.O., that the complaint fails to state a cause of action. Pitt alleged a breach of an actual or constructive trust by GM without attaching any trust document or any explanation for its absence, which precludes proof of any actual trust, since any written instruments relied on in the complaint must be attached.[7] Nevertheless, Pitt alleged that GM was a party in possession of monies due and owing to Long and to Pitt, as Long's attorney, and that such a relationship creates a fiduciary duty, whereby GM should be ordered by the Court to act as trustee of a constructive trust and to hold such monies in trust for Pitt. Pitt has apparently abandoned this issue since he raises it in neither his brief nor his argument.

It is, however, specious *ab initio* for Pitt to presume, and allege, without citing any authority that, as an employer, GM is duty bound to act as a trustee for an attorney who was fired by a GM employee, who also happened to be Pitt's client, when that attorney never filed the fee agreement with the WCB, obtained a judgment or even instituted garnishment proceedings.[8]

■ Pitt instituted the original proceeding administratively and nourished its legal

---

5. Of course, the most prudent thing for an attorney to do would be to promptly file the fee agreement for approval by the department at the earliest possible date. *See* Sections 442 and 501 of the Act, 77 P.S. §§ 998 and 1021, respectively.

6. An appeal will be dismissed for lack of aggrievement when the appellant prevailed below. Disagreement with the legal reasoning on conclusions of law does not confer standing on appellants. *Middletown Township v. Pennsylvania Public Utility Commission,* 85 Pa.Cmwlth. 191,

482 A.2d 674, 685 (1984). *See also* Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.) 501.

7. Pennsylvania Rules of Civil Procedure (Pa. R.C.P.) No. 1019(h).

8. By statute, an injured employee's benefits paid pursuant to the Act are specifically exempted from attachment or execution by a judgment creditor. 42 Pa.C.S. § 8124(c)(2).

vitality by filing an administrative appeal of a matter possibly within the specialty and the purview of the administrative tribunal. The trial court, therefore, properly held that the preliminary objections of GM should be granted because Pitt has not exhausted his administrative remedies, since this case is still before the Board. Further, the trial court decision would have been proper in any event because the complaint fails to state a cause of action as to GM, who properly pled that defense as a P.O. Even when the trial court does not make its decision on the correct basis, an appellate court may affirm the trial court where the result is correct even though it is for different reasons. *Bell Atlantic Mobile Systems, Inc. v. Borough of Baldwin,* 677 A.2d 363 (Pa.Cmwlth.1996).

Next, Pitt maintains that because the trial court dismissed the complaint for failure to exhaust administrative remedies, the court should have retained jurisdiction and stayed the proceedings by holding the complaint in abatement until such time as administrative remedies were exhausted. Pitt contends that the complaint should not have been stricken with prejudice, but should have been held in abeyance or stricken without prejudice.

For his entitlement to a stay of proceedings, Pitt relies upon *Pollard v. Lord Corp.,* 445 Pa.Super. 109, 664 A.2d 1032 (1995), *aff'd per curiam,* 548 Pa. 124, 695 A.2d 782 (1997). In *Pollard,* plaintiff filed a wrongful death action against her deceased husband's former employer alleging its negligence caused him to contract malignant nodular lymphoma as a result of his exposure to toxic chemicals on the job. The Superior Court reversed the trial court's sustaining of a demurrer by the defendant employer because the workers' compensation proceedings were not finalized. In a footnote, Superior Court suggested, however, that on remand the trial court could consider a stay pending administrative determination. Pitt attempts to transform that discretionary suggestion into a mandate to which he is entitled as of right – a futile attempt to create an automatic supersedeas without the blessing of the Rules of Civil Procedure. In any event, although the Supreme Court's decision in *Pollard* was issued

during the pendency of this appeal, the Superior Court's opinion had already been reported before Pitt instituted this action before the trial court. As such, Pitt should have been aware of the procedure and the issue and raised his stay argument before the trial court. Because Pitt did not raise the issue in *Pollard* before the trial court, that issue is not preserved for review by this court. Pa. R.A.P. 302.

▇ Additionally, Pitt maintains that the trial court erred in striking his complaint in its entirety with prejudice. Pitt notes that the complaint originally named three defendants: the Board, GM and Long. However, by agreement, the parties dismissed the Board as a party to the action. Pitt maintains that at no time has Long filed preliminary objections to the complaint, nor did Long present any basis upon which to strike the complaint as it pertains to him. As such, Pitt maintains the trial court erred in striking the complaint with prejudice. We agree that the complaint against Long cannot be stricken.

Not only did Long not file preliminary objections to Pitt's complaint, but the record shows only an appearance without even a responsive pleading filed to the complaint. Long cannot sit idly by after filing an appearance and then be rewarded with the benefit of GM's successful pleadings (as he was in the actions at CC I and III where he at least joined in GM's briefs). The trial court was, therefore, in error when it struck Pitt's complaint with prejudice as to Long.

GM maintains that Pitt has been interminably filing baseless actions attempting to recover an unreasonable 20% fee from GM in violation of the rules of professional conduct, rather than seeking a true quantum meruit fee from his client and protests being drawn into further actions and appeals. In these appellate proceedings, GM seeks to obtain an injunction against Pitt to stop Pitt from filing further administrative or civil actions against GM for the 20% attorney's fee.

GM, having opposed Pitt in seven separate proceedings without seeking injunctive relief, now requests for the first time that this court permanently enjoin Pitt from pursuing any further actions against GM arising out of

Long's discharge of Pitt and refusal to pay his fee. GM cites *Menna* as authority for obtaining an "appellate" injunction. In that medical malpractice claim, the plaintiff alleged that certain medical records had been concealed by one of the defendants. The plaintiff then attempted to litigate the concealment issue through motions in seven various forums. A three-judge panel of the Superior Court concluded it had previously affirmed a finding that the records had, in fact, been disclosed through discovery and that the plaintiff was barred by collateral estoppel from relitigating that issue in the pending appeal and, in a matter of first impression, directly enjoined the plaintiff permanently from relitigating the issue on the basis of its legislatively granted appellate remedial powers citing 42 Pa.C.S. § 542.

Pitt contends here that no injunction should issue against him at this appellate level without an evidentiary hearing before the trial court to permit him to exercise his First Amendment, due process and state constitutional right on the issue of an injunction being sought against him. Although the temptation of *Menna* is hard to resist in this case, we are constrained to agree with Pitt, especially in view of the Supreme Court's decision in *Harmar Ice Associates v. Lignelli*, 546 Pa. 500, 686 A.2d 819 (1996), where Chief Justice Flaherty reversed the remand order of Superior Court for entry of an injunction because it constituted a denial of due process rights to be heard because the trial court had denied the injunction but entered a compulsory nonsuit which prevented the appellant from presenting a defense to the injunction at either the trial or appellate level.

■ Although this Court has the authority to exercise the same appellate powers as Superior Court, 42 Pa.C.S. § 562, we must consider that Superior Court had already decided *Menna* on the *merits* in previous appeals whereas Pitt is still searching for a decision on the merits, albeit with an apparent legal blindfold. We must consider, also, that Pitt would be enjoined from filing any further suits or appeals against GM in this regard without Pitt ever having had the opportunity to defend *against the injunction* request in a hearing, a process which would deny him a constitutional right to which he is due. We do, therefore, choose to exercise judicial restraint and will not, and are not, bound to follow the *Menna* decision of the Superior Court. Moreover, GM never even filed a cross-claim for injunctive relief in either of the trial court actions at CP I and II and never raised the issue below. The issuance of an injunction has therefore been waived by GM and is, accordingly, denied.

■ Finally, GM argues that Pitt's appeal is frivolous and GM's costs and counsel fees relative to its defense of the instant appeal should be imposed against Pitt. "An appeal is considered frivolous if the realistic chances of success are slight and the continuation of the contest is unreasonable." *Waste Management v. Unemployment Compensation Board of Review*, 168 Pa.Cmwlth. 633, 651 A.2d 231, 236 (1994). The imposition of costs and counsel fees is an exercise of the equity powers of the court, however, and is solely within the discretion of the court.

Pitt has clearly raised some frivolous issues before this court in the instant case with regard to GM by appealing and arguing that the judge erred in sustaining the P.O's as to GM without making a single argument with any merit in it. Pitt also raises the issue in this appeal for the first time that the trial judge should have stayed the proceedings before the trial court after Pitt has waived the issue by never raising it in the first instance before the trial court.

■ This court is being asked by GM to use its equitable discretion and power to impose counsel fees and costs on Pitt. One who seeks equity must do equity, however, and must have clean hands. Here GM never raised the issue of injunctive relief before the trial court and waited until it filed its brief in this appellate jurisdiction. GM is, therefore, denied equitable relief because it has entered this appeal with unclean hands by filing a frivolous claim for injunctive relief at the appellate level which was waived by not being raised before the trial court.

Pitt does raise one legitimate issue, however, which makes his realistic chance of success better than slight and makes his contin-

uation of the contest reasonable. The issue which prevents his entire appeal from being frivolous and militates against the imposition of counsel fees and costs is whether P.O's were properly sustained by the trial court as to Long who was also sued for the attorney's contingent fee, breach of contract and breach of a constructive trust.

GM, for some strange reason, goes beyond the apparent limits of merely defending its own liability and persists in asserting on this appeal defenses for Long, e.g., that since Pitt's request for relief was for an amount equal to his 20% fee, Pitt is thereby prevented from being considered as claiming quantum meruit. Again, GM is not an aggrieved party as to Long's liability but, since there is a remand as to Long, the issue may arise again at the trial, so we will address it here.

 Pitt is not restricted to an election of either a remedy for breach of contract or a remedy by way of quantum meruit. Such restrictions on election of remedies may have been governing when there was a historical distinction between an action at law in assumpsit and an action in equity which often required an election between concurrent legal and equitable remedies. When the remedies sought are consistent, the Pennsylvania Rules of Civil Procedure eliminated such distinctions, with a few exceptions, when the old forms of action-in-assumpsit and action-in-trespass were consolidated into one form of action to be known as "civil action," Pa. R.C.P. No. 1001(b)(1), and by providing that the procedure in equity shall be in accordance with the rules in such civil action. Pa. R.C.P. No. 1501. The Pennsylvania Rules of Civil Procedure have, therefore, virtually made the doctrine of election of remedies procedurally irrelevant, especially with respect to an action seeking consistent remedies, such as here, where facts are pleaded that could support a claim in either breach of contract or quantum meruit. 2 Stand. Pa. Prac.2d (Lawyer's Coop.) §§ 6:14, 7:9–7:19. Although an election of remedies is still required when the remedies sought are incon-

sistent, no inconsistency exists here where the pleaded facts could possibly justify an award less than or up to the requested maximum entitlement.

Here, Pitt pleads in great detail in the complaint against Long the facts preceding the execution of the contract that was entered into, the extent of his services and the alleged facts surrounding the "breach," thus fulfilling the requirement of fact pleading for both breach of contract. and quantum meruit. After claiming a breach of contract in count one against only Long, Pitt claims in the *ad damnum* clause "an amount equal to twenty per cent of all past due worker's compensation benefits plus interest as well as twenty percent of all future benefits plus interest, costs, attorneys fees, delay damages and punitive damages." [9] Such language, although reaching for the maximum entitlement, does not exclude consideration as a claim for quantum meruit which could be less than the upper limit of the contingent fee agreement attached to the complaint. The trial court has, therefore, erred as a matter of law by striking Pitt's Complaint against Richard Long.

Since the trial court erred as to defendant Long, the case should be remanded to the trial court for further proceedings against Long consistent with this opinion.[10]

The judgment of the trial court should, therefore, be affirmed as to GM but reversed and remanded to proceed only against Richard Long.

### *ORDER*

NOW, August 5, 1998, the judgment of the trial court is affirmed as to General Motors only and is reversed and this case is remanded for proceedings consistent with this opinion against Richard Long only.

Jurisdiction relinquished.

---

**9.** Any pleading demanding relief for unliquidated damages shall not claim any specific sum. Pa. R.C.P. No. 1021(b).

**10.** We follow the lead of the Superior Court in the *Pollard* case, however, and suggest to the

trial court that Pitt could obtain from the trial court a stay of proceedings as to Long until the administrative proceedings currently pending before the Board are resolved.