**August TOKISH, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 11, 2000.

Decided May 2, 2001.

Reargument Denied July 10, 2001.

**1272**

Ronald T. Tomasko, Harrisburg, for petitioner.

Jason M. Weinstock, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

August Tokish (Claimant) and his attorney, Ronald T. Tomasko (Tomasko), petition for review of an order of the Workers' Compensation Appeal Board (Board). The Board reversed the order of a Workers' Compensation Judge (WCJ) apportioning attorney's fees between Tomasko, who is Claimant's current counsel, and the firm of Jason M. Weinstock (Weinstock), Claimant's former counsel, on the basis that a Court of Common Pleas, rather than the WCJ or the Board, is the proper forum for resolving attorney's fees disputes. We affirm.

On June 19, 1995, Claimant signed a Power of Attorney entitling the Weinstock firm to 20% of any compensation benefits awarded to Claimant with regard to an April 15, 1995 work injury that occurred while he was working for Roadway Express, Inc. (Employer). Weinstock's firm filed a Claim Petition on Claimant's behalf. Tomasko was employed by Weinstock's firm at this time and handled Claimant's case. (N.T. 7/31/97, p. 14). On May 3, 1996, a workers' compensation judge granted the Claim Petition for a closed period, suspended Claimant's benefits and approved the fee agreement. Weinstock's firm also filed a Penalty Petition, which was granted by a workers' compensation judge on November 26, 1996. Some time later, Tomasko left the Weinstock firm and, on January 7, 1997, Claimant signed a document entitled "Notice of Termination of Representation, Authorization to Transfer File and Notice Against Communication" stating that Claimant is discharging the Weinstock firm and informing Weinstock that all communications should be directed to Tomasko. On that same day, Claimant signed a Power of Attorney entitling Tomasko to 20% of any workers' compensation benefits that he receives with regard to the April 15, 1995 work injury. As the attorney for Claimant, Tomasko has successfully defended an appeal filed by Employer challenging Claimant's entitlement to compensation benefits. (Tomasko's Brief, pp. 4–5).

On January 14, 1997, Tomasko filed a Petition for Approval of Attorney's Fees

(Fee Petition) with the Board requesting that the Board approve the Petition as provided for under Sections 442 and 501 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 998 and 1021.[1] Weinstock filed an Answer with the Board objecting to Tomasko's request. On June 13, 1997 the Board issued an opinion remanding the Fee Petition to the Bureau of Workers' Compensation for assignment to a workers' compensation judge for the purpose of properly adjudicating, approving and apportioning the attorney's fees in dispute.

■ On January 13, 1998, the WCJ issued a decision and order apportioning attorney's fees between Weinstock and Tomasko and approving the 20% fee agreement submitted by Tomasko. Weinstock appealed to the Board, which reversed the order of the WCJ. The Board concluded that, as per *Larry Pitt and Associates v. Long,* 716 A.2d 695 (Pa.Cmwlth.1998), which was decided after the Board's prior remand order, the WCJ and the Board are without jurisdiction to apportion attorney's fees between Weinstock and Tomasko and that this matter should be decided in a Court of Common Pleas.[2] This appeal followed.[3]

■ Tomasko argues that the Board erred by reversing the decision of the WCJ approving the fee agreement between Tomasko and Claimant. We disagree.

■ In *Pitt v. Workmen's Compensation Appeal Board (McEachin )*, 161 Pa. Cmwlth. 60, 636 A.2d 235, 237 (Pa.Cmwlth. 1993), *petition for allowance of appeal denied,* 538 Pa. 661, 648 A.2d 792 (1994), this court held that neither a workers' compensation judge nor the Board are vested with the authority to resolve an attorney's fee dispute between a claimant's current attorney and an attorney that has been discharged. One of the reasons for our decision was that, generally, the issue before a workers' compensation judge is whether, under the Act, a claimant is entitled to compensation benefits. A dispute between two attorneys as to the entitlement to attorney's fees, however, is an entirely separate cause of action, because the discharged attorney is representing himself rather than a claimant, "litigating in his own interest a cause of action which is either a common law claim for breach of contract, or a claim on principles of quantum meruit, or an equitable claim for damages under a theory of unjust enrichment." *Id.* Additionally, in *Long,* we reaffirmed the holding of *McEachin* and stated that a Court of Common Pleas is the appropriate forum in which to resolve an attorney's fee dispute because "the issues as between two attorneys could be foreign to the expertise of the WCJ and the Board or involve conflicts or other Professional Conduct Rule violations." *Long* at 699.

In the case *sub judice,* two fee agreements are part of the record. One fee

1. Section 442 provides, in pertinent part:

   All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by a workers' compensation judge or the board as the case may be . . .

   77 P.S. § 998

2. Currently, this attorney's fee dispute is before both the Superior Court and the Dauphin County Court of Common Pleas. (Weinstock's Brief at pp. 3–4).

3. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek )*, 537 Pa. 32, 640 A.2d 1266 (1994).

agreement entitles Weinstock to 20% of Claimant's benefits with regard to the April 15, 1995 work injury and the other entitles Tomasko to 20% of Claimant's benefits with regard to that same injury. As per *McEachin* and *Long,* the proper forum for the resolution of this attorney's fee dispute is in a Court of Common Pleas. Therefore, because the WCJ was without the authority to resolve this fee dispute, he erred by apportioning attorney's fees between Weinstock and Tomasko.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, May 2, 2001, the order of the Workers' Compensation Appeal Board docketed at A98–0425 and dated February 28, 2000 is hereby AFFIRMED.