IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Kober, Jr., :
                    Petitioner :
                                       :
         v. : No.  405 C.D. 2023
                                         : Submitted:  March 8, 2024
City of Philadelphia (Workers' :
Compensation Appeal Board), :
                    Respondent  :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED:  May 7, 2024

Louis Kober, Jr. (Claimant) petitions for our review of the Workers' Compensation Appeal Board's (Board) April 5, 2023 order (Order) affirming the decision of Workers' Compensation Judge (WCJ) Audrey Beach (WCJ Beach), which modified Claimant's workers' compensation (WC) temporary disability status from total to partial based on the results of an Impairment Rating Evaluation (IRE) conducted under Section 306(a.3) of the Workers' Compensation Act (WC Act).[1]  Upon review, we affirm the Board's Order.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

## I. Factual and Procedural History

On August 23, 2016, Claimant, then serving as a police officer for the City of Philadelphia (Employer), was involved in a work-related motor vehicle accident and sustained bodily injuries. Reproduced Record (R.R.) at 71a-72a. Employer filed a Notice of Compensation Payable on September 13, 2016, acknowledging Claimant's injuries. *Id.* Claimant began receiving temporary total disability benefits from Employer through the statute commonly known as the Heart and Lung Act[2] in the amount of $978.00 per week. *Id.*

On September 9, 2021, Claimant underwent an IRE performed by Michael B. Fischer, D.O. (Dr. Fischer), using the Sixth Edition, second printing, of the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment (Guides). R.R. at 65a-69a. Dr. Fischer's IRE report assigned Claimant a whole-body impairment rating[3] of 24% and determined Claimant had attained maximum medical improvement.[4] *Id.* at 69a. Employer thereafter filed a Petition to Modify Compensation Benefits requesting an amendment of Claimant's temporary disability status from total to partial. *Id.* at 5a-7a.

By decision and order circulated on September 23, 2022, *see* R.R. at 11a-16a, WCJ Beach granted Employer's modification petition in light of Dr. Fischer's credible testimony and his September 9, 2021 IRE. *Id.* at 15a. Claimant appealed WCJ Beach's decision to the Board, alleging WCJ Beach erred as a matter of law.

---

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-38.

[3] "[T]he term 'impairment rating' shall mean the percentage of permanent impairment of the whole body resulting from the compensable injury. The percentage rating for impairment under this clause shall represent only that impairment that is the result of the compensable injury and not for any preexisting work-related or nonwork-related impairment." 77 P.S. § 511.3(8)(ii).

[4] "Maximum medical improvement means that the claimant's condition has become 'static or stable,' but continued palliative care, such as treatment of pain, may be required." *DTE Energy Co., Inc. v. Workers' Comp. Appeal Bd. (Weatherby)*, 245 A.3d 413, 419-20 (Pa. Cmwlth. 2021).

*Id.* at 18a-19a.  The Board affirmed, *see id.* at 30a-36a, and Claimant now asks this Court to reverse the Board's Order.

## II. Discussion

Claimant presents two questions on appeal: (1) whether Section 306(a.3) of the WC Act violates the Nondelegation Doctrine embodied in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, and (2) whether Act 111's retroactive credit provisions violate the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, *id.* at art. I, § 11.  *See* Claimant's Br. at 4. Additionally, Employer contends it is entitled to an award of attorney's fees and costs under Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, in the amount of $1,000.00 because Claimant's appeal is "frivolous."  Employer's Br. at 13-14.

This Court reviews an order of the Board for violations of a petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law.  2 Pa.C.S. § 704.  We also review for lack of substantial evidence supporting the findings of fact necessary to sustain the order.[5]  *Id.*  In considering questions of law, our standard of review is *de novo*, and our scope of review is plenary.  *See Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 n.4 (Pa. Cmwlth. 2016).  In other words, we need not defer to the conclusions of law below, and we review the entire record before us with a fresh pair of eyes. Additionally, we recognize that "any party challenging the constitutionality of a

---

[5] Claimant raises an objection to both WCJ Beach's decision and the Order for lack of corroborating substantial evidence in his petition for review.  Pet. for Review ¶¶ 5-6.  Nonetheless, because Claimant does not raise or develop this issue in his brief, it is waived.  *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute 'clearly, palpably, and plainly' violates the Constitution." *Konidaris v. Portnoff L. Assocs., Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008) (citation omitted).

Section 306(a.3) provides, in relevant part:

(1) When an employe has received total disability compensation pursuant to clause (a)[, *see* Section 306(a) of the WC Act, 77 P.S. § 511,] for a period of one hundred and four weeks, . . . the employe shall be required to submit to a medical examination which shall be requested by the insurer . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [Guides]. . . .

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides], the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than thirty-five per centum impairment under the [Guides] . . ., the employe shall then receive partial disability benefits under clause (b)[, *see* Section 306(b) of the WC Act, 77 P.S. § 512]. . . .

(3) . . . the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [Guides] . . . .

77 P.S. § 511.3(1)-(4). Additionally, the credit provisions of Section 3 of Act 111 state:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, **an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph**. This section shall not be construed to alter the requirements of section 306(a.3) of the [WC A]ct.

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, **an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph**.

Act 111, § 3(1)-(2) (emphasis added).

A. Section 306(a.3) and the Nondelegation Doctrine

We first address Claimant's contention that Section 306(a.3) violates the Pennsylvania Constitution's Nondelegation Doctrine, which enshrines the fundamental principle that, under our tripartite system of government, "the General Assembly cannot delegate 'to any other branch of government or to any other body or authority' the power to make law." *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 833 (Pa. 2017) (citation omitted) (*Protz II*). This doctrine is incorporated in article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, which declares: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

In *Protz II*, the Pennsylvania Supreme Court invalidated Section 306(a.2) of the WC Act,[6] Section 306(a.3)'s predecessor, as an unconstitutional delegation of the General Assembly's legislative authority to the AMA. *Id.* at 835-36, 839. The legislature thereafter enacted Act 111, replacing former Section 306(a.2) with Section 306(a.3). This Court determined in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2019), *aff'd per curiam* (Pa. No. 88 MAP 2019, filed August 18, 2020), that Section 306(a.3) does not violate the Nondelegation Doctrine because "[t]he standards adopted were not 'unseen' or unknown to the General Assembly at the time it enacted Section 306(a.3)" and, "unlike the AMA, the General Assembly clearly is not isolated from the political process and shielded from political accountability for its actions." *Id.* at 316-17. Accordingly, based on *Pennsylvania AFL-CIO*, we reject Claimant's argument that Section 306(a.3) violates the Nondelegation Doctrine.

B. Act 111 and the Remedies Clause

Claimant next argues Act 111's retroactive credit provisions violate the Remedies Clause of the Pennsylvania Constitution by extinguishing his "clear, vested property right in the indemnity benefits being received." Claimant's Br. at 25. The Remedies Clause provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11. The Remedies Clause, generally, "is invoked when a change in the legislation attempts to alter or eliminate a vested or accrued cause of action."

---

[6] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

6

*Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018). Thus, the Remedies Clause encompasses only those interests which are **vested**, *i.e.*, "something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another." *Lewis v. Pa. R. Co.*, 69 A. 821, 823 (Pa. 1908). Once vested, the Remedies Clause shields "an individual's remedy for an injury done" from retroactive legislative action. *Konidaris*, 953 A.2d at 1242.

Recently, this Court rebuffed the argument that "a claimant has a vested right to ongoing benefits indefinitely," explaining "'there are reasonable expectations under the [WC] Act that benefits may change,' and it is not an extraordinary circumstance that a claimant's indemnity benefits may be reduced or end before a claimant believes they should." *Dunetz v. Charles H. Sacks D.M.D., P.C. (Workers' Comp. Appeal Bd.)*, 304 A.3d 134, 142-43 (Pa. Cmwlth. 2023) (*en banc*), *pet. for allowance of appeal filed* (Pa. No. 617 MAL 2023, filed Nov. 21, 2023) (citation omitted). Therefore, "Claimant's 'vested rights' have not been abrogated by Act 111," *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and we are bound by established precedent to uphold Section 306(a.3)'s constitutionality under the Remedies Clause.

C. Employer's Request for Sanctions

Having rejected each of Claimant's arguments, we now consider Employer's request for an award of attorney's fees and costs pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2744. At this juncture, Employer urges us

to find that Claimant's arguments have no basis in law or fact in the instant matter, because the case law is now well[]established. Claimant is simply regurgitating arguments that have been previously addressed by this Court. Additionally, [] Claimant does not explain why the facts in the instant matter are distinguishable from those set forth in either *Pierson* or [*Pennsylvania*] *AFL-CIO*[.] This is not a case, such as in [*In re Appeal of Dunwoody Village*, 52 A.3d 408, 412 (Pa. Cmwlth. 2012)], where these issues were not resolved until after the Petition [for] Review was filed; rather, **these issues have long since been resolved**, per *Rose* [*Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 561 (Pa. Cmwlth. 2020)], *Pierson*, and Pennsylvania legislative action. There are no legal grounds for the instant Petition [for] Review and Employer is therefore entitled to attorney's fees and costs to be awarded for the time expended to defend the same, in the amount of $1,000.00.

Employer's Br. at 13-14 (emphasis added).

We agree with Employer that this Court resolved these issues long before Claimant filed his petition for review challenging Act 111's constitutionality. *See* Pet. for Review ¶¶ 9-14. Indeed, our jurisprudence discussing Act 111 clearly recognizes that its provisions do not violate the Nondelegation Doctrine, *see Pennsylvania AFL-CIO*, 219 A.3d at 319, or the Remedies Clause, *see Pierson*, 252 A.3d at 1179-80. An *en banc* panel of the Court unanimously reaffirmed *Pierson's* holding in *Dunetz*, 304 A.3d at 144-45. Moreover, Claimant concedes that his arguments lack support under our existing case law.[7] *See* Claimant's Br. at 34.

---

[7] We note a growing list of WC claimants have similarly invited the Court to reverse course on these issues; however, we have repeatedly declined to do so. *See, e.g.*, *Hoffman v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 359 C.D. 2023, filed Mar. 19, 2024), slip op. at 1; *Conrad v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 557 C.D. 2022, filed Feb. 26, 2024), slip op. at 5; *Farmbry v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1359 C.D. 2022, filed Jan. 18, 2024), slip op. at 3-4; *Moakley v. Vogel Holding, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 19 C.D. 2022, filed Jan. 16, 2024), slip op. at 2-4; *Stanley v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1234 C.D. 2022, filed Jan. 11, 2024), slip op. at 2-3; *Sanchez v. Petrolongo Contractors, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 85 C.D. 2022, filed Jan. 10, 2024), slip op. at 3; *Roscoe v. City of Phila. (Workers'*
**(Footnote continued on next page…)**

8

Rule 2744 permits an appellate court to award attorney's fees and costs "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. We may award fees and costs *sua sponte* (on our own initiative), even if an opposing party does not request them. *See id.* Employer does not allege Claimant's appeal was taken for delay or that his conduct was dilatory, obdurate, or vexatious. With respect to whether Claimant's appeal is frivolous:

> [T]he court is "ever guided by the principle that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." Such a high standard is imposed

*Comp. Appeal Bd.)* (Pa. Cmwlth., No. 27 C.D. 2023, filed Dec. 20, 2023), slip op. at 3-4, *petition for allowance of appeal filed*, (Pa., No. 19 EAL 2024, filed Jan. 18, 2024); *Eiler v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1299 C.D. 2022, filed Dec. 18, 2023), slip op. at 1-2; *Perlis v. City of Wilkes-Barre (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1102 C.D. 2022, filed Oct. 6, 2023), slip op. at 5-7; *Penta v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 54 C.D. 2022, filed Aug. 30, 2023), slip op. at 3-5; *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 314 C.D. 2022, filed Aug. 15, 2023), slip op. at 3-6, *appeal denied*, (Pa., No. 438 MAL 2023, filed Feb. 27, 2024); *Brown v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 154 C.D. 2022, filed July 26, 2023), slip op. at 2-4; *Burkett v. Jimi Enters., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 41 C.D. 2022, filed June 26, 2023), slip op. at 3-5; *Tedesco v. Kane Freight Lines, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1270 C.D. 2021, filed May 19, 2023), slip op. at 4-7, 13; *Leissner v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1451 C.D. 2021, filed May 17, 2023), slip op. at 2-3; *Grimes v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 790 C.D. 2022, filed Apr. 26, 2023), slip op. at 3-5; *Gonzalez v. Guizzetti Farms, Inc. (Workers' Comp. Appeal Bd.)*, 297 A.3d 854, 858-62 (Pa. Cmwlth. 2023), *appeal denied*, 305 A.3d 952 (Pa. 2023); *Zaborowski v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 617 C.D. 2022, filed Mar. 28, 2023), slip op. at 2-4; *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435-39 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 2-5; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 3-5, *appeal denied*, 305 A.3d 546 (Pa. 2023); *Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 3-6, 8, *appeal denied*, 290 A.3d 238 (Pa. 2023).

"in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned."

*Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (citations omitted). In other words, "a frivolous appeal is one in which no justifiable question has been presented and . . . there is little prospect of success" on the merits. *Id.* at 579.

After careful consideration, we believe Employer's request for an award of attorney's fees and costs under Rule 2744 is unwarranted. The Pennsylvania Supreme Court has not yet addressed Claimant's Remedies Clause challenge on the merits; therefore, the possibility remains that the Court could grant allowance of appeal and disagree with this Court's previous Act 111 holdings. Although Claimant's arguments are contrary to existing case law, he has acted in good faith to preserve this challenge for future review; thus, this is not the type of appeal where the imposition of monetary sanctions is warranted. Accordingly, in our discretion, we deny Employer's request for attorney's fees and costs in the amount of $1,000.00. *See Canal Side Care Manor*, 30 A.3d at 576; *see also Larry Pitt & Assocs. v. Long*, 716 A.2d 695, 702 (Pa. Cmwlth. 1998) ("The imposition of costs and counsel fees is an exercise of the equity powers of the court [] and is solely within the discretion of the court.").

## III. Conclusion

Based on the foregoing, we affirm the Board's Order and deny Employer's request for monetary sanctions under Rule 2744 of the Pennsylvania Rules of Appellate Procedure.

_____
STACY WALLACE, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Kober, Jr.,          :
              Petitioner   :
                          :
        v.             : No. 405 C.D. 2023
                          :
City of Philadelphia (Workers'   :
Compensation Appeal Board),    :
           Respondent  :

## **O R D E R**

**AND NOW**, this 7th day of May 2024, the April 5, 2023 order of the Workers' Compensation Appeal Board is **AFFIRMED**. Additionally, the City of Philadelphia's request for reasonable attorney's fees and costs in the amount of $1,000.00 under Pennsylvania Rule of Appellate Procedure 2744 is **DENIED**.

 

_____
STACY WALLACE, Judge